IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION
In Admiralty

| | |
|---|---|
| **JAMES F. WILSON LIVING REVOCABLE TRUST OF JAMES F. WILSON,** | : <br> : <br> : <br> :     Case No. 2:23-cv-441 <br> : |
| Plaintiff, | : |
| v. | : |
| **AT LC 87, LLC,** *in personam*, **and M/Y BBELLA, Official Number 1290829, (ex JIMMYISM) her engines, apparel, appurtenances, etc.,** *in rem*., | : |
| Defendants. | |

**DEFENDANT AT LC 87, LLC'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant AT LC 87, LLC, by counsel, states the following as its memorandum in support of its motion to dismiss for lack of personal jurisdiction:

**I.  INTRODUCTION**

In order to proceed with its *in personam* claims against Defendant AT LC 87, LLC ("AT LC 87"), Plaintiff James F. Wilson Living Revocable Trust of James F. Wilson ("the Trust" or Plaintiff) must present allegations in the Complaint that show AT LC 87 is subject to personal jurisdiction in Virginia. This Plaintiff has failed to do so. Not only does the Complaint provide no predicate basis for the exercise of personal jurisdiction over AT LC 87, there are no factual allegations showing that AT LC 87 is subject to personal jurisdiction under Virginia's long arm statute, Va. Code ¶8.01-328.1, or federal due process principles.

## II.  FACTS

Plaintiff is a Florida Trust. (Compl. ¶4.) Its founder is a Florida resident. (See Exhibit B (Doc. 1-2), attached to the Complaint .) Defendant AT LC 87, LLC is a Delaware LLC[1] with its principal place of business in Charlotte County, FL. (Declaration of Jon Larmore, ¶2, attached hereto as **Exhibit 1**.) The sole member of AT LC 87 is ATA Fishville FL, LLC, an Arizona limited liability company, with its principal place of business in Florida. (Id.) Based on a recent review of the membership interests in the vertical limited liability companies, there does not appear to be a member that is incorporated, does business, or resides in the Commonwealth of Virginia.

The elemental grounds for the Plaintiff's Complaint is an alleged breach of contract arising from a loan the Plaintiff or its founder made to Jon Larmore and AT LC 87 to purchase BBELLA. (Compl. ¶¶8 11.) That transaction took place in Florida where the Plaintiff was and is located and where BBELLA was homeported at the time of the transaction (Compl. ¶8), as the documents attached to the Complaint show. Further, the loan documents and the security agreement upon which Plaintiff relies provide that Florida law governs the parties' transactions. (See Exhibits B and C (Docs. 1-2, 1-3) to the Complaint.)  There is no reference in any of those documents that makes any mention of the Commonwealth. Moreover, Jon Larmore, whom the Complaint identifies as a principal figure in the underlying transactions and who as the chief executive officer of AT LC 87 signed the loan documents, was and is a Florida resident. (Larmore Decl. ¶1.)  In fact, the only references to Virginia in the Complaint deal with the location of BBELLA when the U.S. Marshal arrested the vessel in Chesapeake.

---

[1] The Complaint alleges that AT LC 87 is an Arizona LLC. (Compl. ¶6.) It is actually a Delaware LLC. Its sole member, ATA Fishvile FL., LLC, is an Arizona LLC. (Larmore Decl. ¶2.)

### III.     APPLICABLE LEGAL STANDARDS

Federal courts must have personal jurisdiction over all defendants in an action to render a judgment. *See Walden v. Fiore*, 571 U.S. 277, 277 (2014); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Without personal jurisdiction, a court does not have the authority to hear the dispute, and any judgment rendered thereafter is invalid and voidable. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). In order for a court to exercise personal jurisdiction over a party, the defendant must be subject to the long arm statute of the state in which the federal court sits, and the exercise of jurisdiction over the defendant must comport with federal due process rights. *See Liberty Mut. Fire Ins. Co. v. Menozzi Luigi & C. S.p.A.*, 92 F. Supp. 3d 435, 440 (E.D. Va. 2015).

Personal jurisdiction takes two forms—general and specific. General jurisdiction is all-purpose; it permits a defendant to be sued in a forum for *any* claim, regardless of whether the claim has any connection to the forum state. *See Goodyear Dunlop Tires Operations v. Brown*, 564 U.S. 915, 919 (2011). For a state to have such extensive jurisdiction over a defendant, however, the defendant's contacts must be "so 'continuous and systematic' as to render [it] essentially at home in the forum state." *Id.* (internal citation omitted). Alternatively, specific jurisdiction exists where a defendant purposefully directed its activities at the forum state's residents and *the cause of action arose out of defendant's contacts with the forum state*. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). In instances where specific jurisdiction attaches, the defendant must have "purposely availed itself" of the privilege of conducting activities within a state. *Id*. at 475–76.

Defendants are permitted to challenge personal jurisdiction in their first responsive pleading pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Once that challenge is made, the plaintiff bears the burden of proving personal jurisdiction exists. *See Combs v. Baker*, 886 F.2d 673, 676 (4th Cir. 1989); *Walsh v. Leon*, No. 2:21-cv-531, 2022 U.S. Dist. LEXIS 143115, *9-*10 (E.D. Va. Aug. 10, 2022).

IV.  ARGUMENT

**THIS COURT LACKS PERSONAL JURISDICTION OVER AT LC 87.**

1. **It is Plaintiff's Burden to Establish Personal Jurisdiction.**

When, as here, a defendant challenges the exercise of a court's personal jurisdiction over it, the plaintiff must come forward with sufficient facts to support the exercise of such jurisdiction. *See Bartholomew v. Virginia Chiropractors Assoc.*, 612 F.2d 812, 816 (4th Cir. 1979). To meet its burden, a plaintiff must demonstrate the court's personal jurisdiction over the defendant for each separate claim alleged in the complaint. *See generally Combs*, 886 F.2d at 676; *Walsh,* 2022 U.S. Dist. LEXIS 143115, *9-*10. Plaintiff does not do that here.

2. **The Ship Mortgage Act Allows a Mortgagee to Bring a Foreclosure Cause of Action *In Rem* Against the Vessel and *In Personam* Against the Mortgagor/Owner, But the Requirement for Personal Jurisdiction Over the *In Personam* Defendant Applies as It Would in Any Case.**

Plaintiff brings this suit to enforce a preferred ship mortgage under 46 U.S.C. § 31325(b)(1) of the Ship Mortgage Act. *See* 46 U.S.C. §§ 31330- 31343. However, nothing in the Act itself abrogates the requirements of due process. As such, in order to maintain *both* an *in rem* and *in personam* action on a mortgage in the same court, two things must be true: (1) the vessel must be found in the district, creating *in rem* jurisdiction, and (2) the court must be able to exercise personal jurisdiction over the mortgagor/*in personam* defendant. The rules of due

4

process do not change just because a mortgagee invokes the Ship Mortgage Act. Indeed, it is not unusual for a mortgagee to arrest a vessel where the vessel is found (where *in rem* jurisdiction exists over the vessel), and then pursue a deficiency judgment against the owner in a different court, wherever that owner is found and personal jurisdiction is proper. "Under the admiralty law of the United States, in personam and in rem actions may arise from the same claim, and may be brought separately or in the same suit." *Bay Casino, LLC. v. M/V Royal Empress,* 20 F. Supp. 2d 440, 447 (E.D.N.Y. 1998) (citing Suppl. Rule C); *see also Belcher Co. of Alabama v. M/V Maratha Mariner*, 724 F.2d 1161 (5th Cir. 1984) (discussing separate actions brought against vessel *in rem* and owner *in personam* in different jurisdiction). Here, the proper district to seek a remedy against AT LC 87 would be Florida, not Virginia.

### 3. To Establish Personal Jurisdiction, Sufficient Minimum Contacts with the Forum Are Required.

When, as here, a federal court's admiralty jurisdiction is invoked, the law of the state in which the court sits determines whether the court has personal jurisdiction over a nonresident defendant. *See, e.g., Atlanta Corp. v. Polskie Linie Oceaiczne*, 683 F. Supp. 347 (S.D.N.Y. 1988). Virginia federal courts may exercise personal jurisdiction over nonresident defendants only to the extent a Virginia state court would have jurisdiction. To determine whether a state court has personal jurisdiction, courts examine (1) whether a state statute grants personal jurisdiction over the defendant; and (2) whether such jurisdiction is within constitutional bounds. *See Comm'n on Health Care Certification, Inc. v Fig Servs.,* No. 3:22cv39 (DJN), 2022 U.S. Dist. LEXIS 95381, *13-*14 (E. D. Va. May 26, 2022). Because Virginia's long-arm statute is co-extensive with the Due Process Clause of the Fourteenth Amendment and the Virginia Constitution, courts need only determine whether jurisdiction is within Constitutional bounds to satisfy personal jurisdiction. *See Consulting Eng'rs Corp. v. Geometric Ltd.,* 561 F.3d 273, 277 (4th Cir. 2009).

To satisfy the constitutional due process requirement, a defendant must have sufficient "minimum contacts" with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *See Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, at *4 (4th Cir. 2009). The minimum contacts necessary to satisfy jurisdiction depend on whether the jurisdiction asserted is general or specific. *See Farrar v. McFarlane Aviation, Inc.*, 823 Fed. Appx. 161, 163 (4th Cir. 2020). General jurisdiction exists where a defendant's business contacts within the forum state are "continuous and systematic." *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273 (4th Cir. 2009). As noted above, specific jurisdiction operates on different principles: it exists "where the defendant deliberately has engaged in significant activities within a State, or has created continuing obligations between [it]self and residents of the forum." *See, e.g., Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185, 189 (4th Cir. 2016) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985)). In instances where specific jurisdiction attaches, the defendant must have "purposely availed itself" of the privilege of conducting activities within a state. *Burger King*, 471 U.S. at 475–76.

### 4. This Court Lacks General and Specific Personal Jurisdiction Over AT LC 87.

The Court cannot exercise general or specific jurisdiction over AT LC 87 given that its contacts with Virginia were neither continuous nor systematic, nor has it "purposely availed" itself of the privilege of conducting business in the Commonwealth. First, the conditions of general jurisdiction are not met. Whatever contacts AT LC 87 has had with Virginia, if any, they were or are not "continuous or systematic." AT LC 87 was organized in Delaware. It is domiciled in Florida. It sole member is a citizen of Arizona which also operates in Florida, not Virginia. (Decl. of Jon Larmore, Ex. 1 at ¶ 8). *See Reid v. The Wailers*, 606 F. Supp. 2d 627, 629 (E.D. Va. 2009) (an LLC's citizenship is the citizenship of its members). AT LC 87 does not own property in

Virginia nor does it have offices or employees here. (Decl. of Jon Larmore, Ex. 1 at ¶ 6). (*Id.* at ¶¶ 5, 9). Furthermore, Plaintiff has not alleged any continuous or systematic activities by AT LC 87 in the Commonwealth. Thus, there are no facts demonstrating a basis for general personal jurisdiction over AT LC 87.

In addition, the Court does not have specific personal jurisdiction over AT LC 87. Plaintiff does not allege as grounds for its claims against AT LC 87 any connection between the actions or business of AT LC 87 and Plaintiff that took place in, or arose from, Virginia. The alleged breach of contract – executed outside of Virginia by parties not citizens or residents of Virginia – had to do with payments AT LC 87, an entity that operates in Florida, allegedly failed to make to Plaintiff, a Florida resident. In other words, the cause of action against AT LC 87 *did not arise in and had no tie to Virginia.* In fact, the only connection to Virginia to which the Complaint makes reference is that BBELLA is moored here and the conclusory allegation that AT LC 87 "has operated a vessel within this district." (Comp. ¶¶ 5-6.) Without more, that is not a sufficient ground for the exercise of specific jurisdiction in Virginia. *See KMLLC Media, LLC v. Telemetry, Inc.*, No. 1:15-cv-432; 2015 U.S. Dist. LEXIS 145764, *21 (E.D. Va. 2015) ("Defendant's suit-related conduct … did not arise out of contacts that the defendant [itself] created with the forum state."); *Gilliken v. Eastern Dredging & Constr.*, No. 2:96cv120, 1996 U.S. Dist. LEXIS 17259, *12 (E.D. Va. May 8, 1996). As the Supreme Court explained in *Goodyear Dunlop Tires Operations S.A. v. Brown,* 564 U.S. 915, 923 (2011), citing *International Shoe*, a corporation's single or isolated activity in a state is not enough to subject the corporation to personal jurisdiction there.

Because Plaintiff has not pled sufficient minimum contacts between AT LC 87 and Virginia, neither general or specific jurisdiction may attach. Accordingly, this Court should refuse to extend its jurisdiction over AT LC 87 and should dismiss it from this action.

### 5. The Mere Presence of a Vessel in a District Does Not Provide a Basis for the District Court to Exercise Personal Jurisdiction Over the Vessel Owner.

Plaintiff makes a fundamental flaw in its allegation to establish jurisdiction over AT LC 87—it assumes the mere presence, placing, or operating a vessel in a forum is sufficient, standing alone, to obtain personal jurisdiction over the owner of the vessel. However, maritime law clearly recognizes that is not true. This point is perhaps best illustrated by Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Rule B expressly provides an attachment remedy, *quasi in rem*, against property in a district, including a vessel, but only when the court *cannot exercise* personal jurisdiction over that defendant. *See* Suppl. Adm. Rule B(1)(a) (authorizing attachment of a defendant's tangible or intangible personal property in a district and in the hands of a garnishee "[i]f a defendant is not found within the district); Suppl. Adm. Rule B(1)(d)(i) (noting requirements for process "[i]f the property is a vessel[.]"); *see also Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58, 69 n. 12 (2d Cir. 2009) (noting that the requirement of Supplemental Rule B(1)(a) that a defendant not be "found" within the district "contemplates that a court will lack in personam jurisdiction over the defendant when it orders that a writ of attachment be issued"). "In such a proceeding, the court's coercive authority is coterminous with the scope of jurisdiction, and limited to the extent of the defendant's interest in the attached property; that authority does not extend to the exercise of in personam jurisdiction over a Rule B defendant." *Shipping Corp. of India Ltd.*, 585 F.3d at 69 n. 12. Rule B illustrates, then, that the mere fact that a vessel can be found in a forum, and that the forum's district court can exercise *in rem* or *quasi in rem* jurisdiction over such vessel, does not by itself, absent other facts of contact with the forum, allow for the exercise of *personal jurisdiction* over the vessel's owner. Rule B expressly contemplates the opposite—that a remedy can be had against the property

(vessel) but not against the property owner. That is the case here, although Plaintiff is operating *in rem* (against the BBELLA) under Rule C.

Moreover, there is other "evidence" in the Supplemental Rules to prove this point. Supplemental Rule E(8) authorizes a party to defend against an admiralty claim with a "restricted appearance," when Rule C process *in rem* has issued, or a Rule B attachment or garnishment. This restricted appearance does not constitute a general appearance. *See* Suppl. Adm. Rule E(8). Courts have construed this "restricted appearance" option as allowing an owner of a vessel or other attached property to appear to defend its property without waiving defenses to personal jurisdiction. *See, e.g., World Fuel Servs. Europe, Ltd. v. Thoresen Shipping Singapore Private Ltd.*, 155 F. Supp. 3d 1226, 1230 (S.D. Al. 2015) ("As such, and in light of the fact that [the attached property owner] entered a restricted appearance [under Rule E(8)] in the matter, the Court finds that [the owner] did not waive or forfeit its personal jurisdiction defense."). Thus, it is clear that a vessel can be in district but it may not be proper to exercise personal jurisdiction over the vessel owner, unless the owner has sufficient contacts with the forum to satisfy the due process test.

## IV.  CONCLUSION

For the reasons set forth above, Defendant AT LC 87, LLC respectfully requests that the Court dismiss the Complaint against it.

                                                                         Respectfully submitted,

                                                                         /s/ Marissa M. Henderson
                                                                         David N. Ventker (VSB No. 29983)
                                                                         Marissa H. Henderson (VSB No. 44156)
                                                                         James J. Levantino (VSB No. 97082)
                                                                         VENTKER HENDERSON STANCLIFF, PLLC
                                                                         256 West Freemason St.

Norfolk, Virginia 23510
Telephone:    757.625.1192
Facsimile:     757.625.1475
dventker@ventkerlaw.com
mhenderson@ventkerlaw.com
jlevantino@ventkerlaw.com

David P. Shouvlin
PORTER WRIGHT MORRIS & ARTHUR LLP
41 South High Street, Suites 2800-3200
Columbus, OH 43215
Phone: 614-227-2045
Facsimile: 614-227-2100
dshouvlin@porterwright.com
*Pro hac vice application pending*

*Counsel for AT LC 87, LLC*