IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ST LIBERTY LLC,

    Plaintiff,

    v.

M/Y BBELLA, *in rem*,

    Defendant.

Case No. 2:23-cv-441

## OPINION & ORDER

Before the Court is Plaintiff ST Liberty LLC's ("ST") Motion for Default Judgment. ECF No. 42. For the reasons stated herein, the motion is **GRANTED.**

### I. BACKGROUND

Plaintiff ST Liberty LLC ("ST") seeks to foreclose on a preferred ship mortgage for M/Y BBELLA ("the BBELLA") and effectuate a judicial sale. The Clerk entered default against the BBELLA on October 16, 2023. However, the Court set aside the default and denied ST's motion for default judgment as unripe. ECF No. 32 at 14–15. The Court then directed the BBELLA to file an answer to the complaint by January 12, 2024. *Id*. at 15. Before that deadline expired, the United States District Court for the District of Arizona issued a Receivership Order that stayed the instant matter. ECF No. 35-1 ¶ 18.

On July 11, 2024—upon termination of the Arizona District Court's stay—the Court lifted the stay in this case. ECF No. 41. Pursuant to an agreement between the parties, counsel for the BBELLA withdrew. *See* ECF No. 40 ¶ 3 (motion to withdraw,

explaining that the owner "agreed to abandon its interest in the [v]essel to . . . ST . . . ."); *see also* ECF No. 41 (granting motion to withdraw). The vessel did not file an Answer. ST filed a renewed Motion for Default Judgment on August 6, 2024. ECF No. 42. The motion asks the Court to enter judgment against the BBELLA and to permit the "sale of the [vessel] and [its] appurtenances." *Id.* at 1. The BBELLA has not opposed the instant motion. The Clerk entered default against the BBELLA on September 19, 2024. ECF No. 45.

## II. LEGAL STANDARD

Once a defendant is served process, they have 21 days to respond. Fed. R. Civ. P. 12(a)(1)(A)(i). E.D. Va. Adm. R. (c)(5) provides that "[a]fter the time for filing an answer has expired, the plaintiff may move for entry of default under Fed. R. Civ. P. 55(a) . . . ." Default may be entered "after the Clerk . . . consult[s] with the Court" and upon a showing that "(a) notice has been given as required in [E.D. Va. Adm. R.] (c)(4); (b) the time for answer has expired; and (c) no one has filed an appearance to claim the property." E.D. Va. Adm. R. (c)(5). The Clerk's entry of default amounts to an automatic admission of all allegations in the complaint. *See* Fed. R. Civ. P. 55(a); Fed. R. Civ. P. 8(b)(6).

"The plaintiff may move for the entry of default judgment under Fed. R. Civ. P. 55(b)(2) at any time after" the Clerk's entry of default. E.D. Va. Adm. R. (c)(5). "On default of any term of [a] preferred mortgage, the mortgagee may . . . enforce the preferred mortgage lien in a civil action in rem . . . ." 46 U.S.C. § 31325(b).

## III. ANALYSIS

AT LC 8 "purchased BBELLA for $2,150,000.00," made a down payment of "$1,150,000.00," and agreed to pay "the remaining" principal amount of $1,000,000 pursuant to a Promissory Note and Mortgage. ECF No. 1 ¶ 9.[1] The vessel secured the debt. ECF No. 1-2 at 3 (Promissory Note). The Mortgage provides that "failure to pay any installment of principal or interest" constitutes "[d]efault" and "indebtedness" to the mortgagee.[2] ECF No. 1-1 at 4 (Mortgage). AT LC 8 failed to make monthly payments after May 2023. ECF No. 1 ¶ 15.

ST seeks judgment in the amount of $1,541,086.56,[3] to include:

- The principal balance on the lien ($1,030,776.89), ECF No. 43 at ¶ 17; ECF No. 1 ¶ 17 (accounting for additional fees incorporated into the principal balance);

- $234,959.93 in interest and fees pursuant to the Promissory Note, ECF No. 1-2 at 1;

- $101,042.93 for legal fees pursuant to a clause in the Mortgage, ECF No. 1-1 ¶ 5.05;

---

[1] This action was filed by the original mortgagor, James F. Wilson Living Revocable Trust of James F. Wilson ("the trust"). ECF No. 1. The trust assigned its entire interest as the mortgagor to ST on September 27, 2023, and ST was substituted as the plaintiff on February 9, 2024. ECF No. 16 (memorandum in support of Motion to Substitute Plaintiff); ECF No. 36 (granting substitution).

[2] ST is the assignee of the original mortgagee. *See supra* note 1.

[3] In their Motion for Default Judgment, the plaintiff sought $95,830.32 in legal costs that were incurred as of July 31, 2024. ECF No. 43 at 4. In response to this Court's September 20, 2024 Order, the plaintiff submitted a detailed report of legal costs incurred as of August 22, 2024, totaling to $101,042.93. ECF No. 47-1 at 3. The judgment amount reflects the updated amount of legal costs the plaintiff incurred. The Court has reviewed the plaintiff's detailed submissions and finds the requested attorneys' fees and costs reasonable.

- $169,306.81 for custody charges pursuant to a clause in the Mortgage, ECF No. 1-1 ¶ 5.05; and

- $5,000 for a deposit to the United States Marshal Service pursuant to E.D. Va. Adm. R. (e)(5).

ST also asks the Court to order a judicial sale of the vessel pursuant to 46 U.S.C. § 31326(a) and the right to credit bid at the judicial sale up to the amount of the judgment without payment of case. ECF No. 43 at 4–5.

The Court will enter judgment accordingly.

## IV. CONCLUSION

Plaintiff ST Liberty LLC's Motion for Default Judgment (ECF No. 42) is **GRANTED.** It is **ORDERED** that judgment be entered against Defendant M/Y BBELLA, *in rem,* in the amount of $1,541,086.56 (which includes interest, fees, and costs of this action through July 31, 2024), plus such additional interest, fees, and costs as may be incurred through conclusion of the sale of the defendant vessel.

It is **FURTHER ORDERED** that:

(1) The United States Marshal for the Eastern District of Virginia is hereby authorized and directed to sell the vessel, M/Y BBELLA, to include her engines, tackle, equipment, apparel, furnishings, and necessaries appertaining thereto, etc., to the highest bidder at a public auction free and clear of all liens and pre-existing claims, in accordance with Fed. R. Civ. P. Supp. C and E(9)(b), and E.D. Va. Adm. R. (e)(15);

(2) All proceeds shall be distributed to ST Liberty LLC to satisfy the *in rem* judgment against M/Y BBELLA;

(3) ST Liberty LLC, at its sole option, may, but is not required to, credit bid up to the amount of its claimed damages, without payment of cash, without prejudice to its right to claim any deficiency against any remaining debtors; and

(4) If one other than ST Liberty LLC is the highest bidder, then the proceeds of this sale shall remain in the Registry of this Court subject to further orders of this Court.

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ *(signature)*
Jamar K. Walker
United States District Judge

Norfolk, Virginia
September 30, 2024

5