IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ST LIBERTY LLC,

    Plaintiff,

v.

M/Y BBELLA, *in rem*,

    Defendant.

Case No. 2:23-cv-441

**OPINION & ORDER**

This matter is before the Court on Plaintiff ST Liberty LLC's "Motion for Default and Sale of Vessel to Next-Highest Bidder." ECF No. 54. On November 19, 2024, *in rem* Defendant M/Y BBELLA was sold at a public auction for $1,400,000.00. Custom Marine, Inc. was the successful bidder for the vessel. The next-highest bid was ST Liberty LLC's credit bid of $1,390,000.00.

On November 20, 2024, Custom Marine paid the registry of the Court a deposit of $140,000.00. ECF No. 51; *see* Fed. R. Civ. P. Supp. Adm. R. E(9)(b). On November 27, 2024, the Court ordered Custom Marine to pay the balance due for the purchase of the vessel ($1,260,000.00)—as well as the United States Marshal's costs, commission, and expenses—to the registry of the Court on or before December 3, 2024. *Id.* at 1–2. The Court directed that the sale of M/Y BBELLA would be confirmed upon payment of the balance due and the Marshal's costs, commission, and expenses. *Id.* at 2.

On December 5, 2024, the Court extended Custom Marine's deadline to pay until December 10, 2024. On December 11, the Clerk received a check from Custom Marine in the amount of $500,000—that is, $760,000.00 less than the balance due. Custom Marine has failed to pay the balance due for the purchase of the vessel. Accordingly, Custom Marine is in default.

"If . . . the successful bidder is in default, . . . a party[] may move the Court for relief," and "[t]he Court may confirm the sale, order a new sale, or grant such other relief as justice requires." E.D. Va. Adm. R. (e)(15)(e). ST Liberty requests that M/Y BBELLA be sold to the credit bidder and that Custom Marine's entire deposit be forfeited, to cover the Marshal's costs and commission and contribute to satisfaction of ST Liberty's judgment. ECF No. 55-1 at 1–2.

The Local Admiralty Rules of this Court do not specify how costs should be apportioned after a default. However, the Rule about disposition of deposits in the case of an objection to the sale of a vessel is helpful in determining a just outcome. *See* E.D. Va. Adm. R. (e)(15)(f). Specifically, the Rule dictates that, when an objection is sustained, "sums deposited by the successful bidder will be returned to the bidder," and the successful objector bears the cost of the Marshal's fees. *Id.* at (f)(1). But if an objection is overruled, the unsuccessful objector bears the cost of "keeping the property from the day the objection was filed until the day the sale is confirmed." *Id.* at (f)(2).

Placing ST Liberty in a position analogous to the successful objector, the Court finds that justice requires that Custom Marine's deposit be returned, *cf. id.* at (f)(1),

2

except that Custom Marine should bear the costs ST Liberty has incurred keeping M/Y BBELLA and litigating this matter since the date of the auction, *cf. id.* at (f)(2).

The outcome is different as to the Marshal's costs. ST Liberty would not have had to pay those fees if Custom Marine had fulfilled its promise; and unlike an objector, the plaintiff would have preferred M/Y BBELLA to have been sold to Custom Marine, such that it never incurred those costs. However, had ST Liberty been the successful bidder in the first place, it would have incurred those costs itself. The Court's goal here is to—so far as it is possible—return all the interested parties to the state they were in at the time of the auction and for no one to receive a windfall. Therefore, the Court finds that the most equitable outcome is for the two bidders to split the Marshal's fees.

No court in the Fourth Circuit has directly considered who should pay the Marshal's commission pursuant to 28 U.S.C. § 1921, but this Court finds persuasive the statutory interpretation the Supreme Court of the Virgin Islands performed, concluding that "[i]n the context of a foreclosure sale, the sum collected by the Marshal is the purchase price paid over by the winning bidder." *Kennedy Funding Inc. v. GB Properties, Ltd.*, 73 V.I. 425, 441, 2020 VI 5, ¶ 34 (2020). Here, ST Liberty has taken on the role of the winning bidder and will pay over the purchase price for the vessel. Therefore, 28 U.S.C. § 1921 requires that ST Liberty pay the Marshal's commission.

Accordingly, the Court **ORDERS** as follows:

1. M/Y BBELLA shall be sold to Plaintiff ST Liberty LLC for the credit bid of $1,390,000.00. ST Liberty shall pay the balance due for the purchase of the vessel to the registry of the Court on or before December 18, 2024.

2. ST Liberty LLC shall also pay the Marshal's commission, in the amount of $20,865.00, by the same date.[1]

3. The sale of M/Y BBELLA shall be **CONFIRMED** upon payment of the balance due on the vessel, the Marshal's commission, and ST Liberty's portion of the Marshal's costs. The Marshal is **DIRECTED** to transfer the vessel's title to ST Liberty once the total amount is paid.

4. The Clerk shall return the deposit in the amount of $126,186.69 to Custom Marine, Inc. This represents the original deposit ($140,000.00), less one-half of the Marshal's fees and costs ($580.15)[2] and less the costs ST Liberty incurred due to the default ($13,233.16)[3].

---

[1] The Court has recalculated the Marshal's commission based on ST Liberty's bid. *See* 28 U.S.C. § 1921(c)(1); *Transamerica ICS, Inc. v. M/V Hellenic Sun*, 778 F.2d 194, 195 (4th Cir. 1985) (district court does not have "discretionary authority to modify a marshal's commission prescribed by 28 U.S.C. § 1921").

[2] The Marshal's costs total $1,060.30. ECF No. 53 at 2.

[3] ST Liberty incurred the following costs since the date of the auction:

    a. Interest: $4,195.36

    b. Substitute Custodian Fee: $1,200.00

    c. Insurance: $2,160.00

      5.    The Clerk shall also return, unprocessed, the $500,000 check received on December 11, 2024, to Custom Marine, Inc.

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to all counsel of record. The Court has separately provided a copy to the Marshal with instructions to convey it to Custom Marine.

**IT IS SO ORDERED.**

/s/ Jamar K. Walker
Jamar K. Walker
United States District Judge

Norfolk, Virginia
December 11, 2024

---

      d.    Marina Storage: $1,972.80

      e.    Legal Fees: $3,705.00

ECF No. 56-1 at 2. Additionally, ST Liberty anticipates paying $10,000 to prepare the vessel for resale and a $140,000.00 commission on the eventual resale. But ST Liberty would have had to pay those costs if it had been the original successful bidder—that is, regardless of Custom Marine's default. Therefore, the Court will not take that amount out of Custom Marine's refunded deposit.